UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Shirley J Gates | ) CASE NO. 18-28209-bhl |
| *aka* Shirley Lambert | ) CHAPTER 13 |
| *aka* Shirley J. Gates Living Trust | ) JUDGE BRETT H. LUDWIG |

## MOTION TO MODIFY THE AUTOMATIC STAY AND FOR IN-REM RELIEF

Now Comes, SN Servicing as servicer for US Bank Trust National Association, as Trustee of the SCIG Series III Trust ("Movant"), by and through its attorney, Marinosci Law Group, and moves this Court for the entry of an Order Modifying the Automatic Stay and for in-Rem Relief, and in support thereof, states as follows:

1. That the Movant is a financial institution licensed to transact business in the State of Illinois.

2. That Movant is a secured creditor by virtue of a foreclosed mortgage upon real property located at 5653 West Joleno Lane, Brown Deer, WI 53223.

3. That the Movant owns the subject property pursuant to a Judicial Sale and subsequent Deed recorded on July 26, 2018.

4. That the Creditor herein is not adequately protected as defined by the Bankruptcy Code, and the Debtor(s) have no property interest in the subject property.

5. The Debtor's mortgage loan is currently in default, reflecting a pre-petition arrearage of $191,056.32, a post-petition arrearage of $21,589.47, plus fees and

costs. The Debtor's Payoff on said mortgage loan good through May 03, 2019 is $433,279.25.

6. That the creditor is not receiving the just equivalent of its security.

7. The debtor and/or their spouse, Clenton C. Gates, has filed four consecutive Bankruptcy Petitions, specifically:

| Case Number | Filing Date | Dismissal Date |
|---|---|---|
| Case No. 08-22784 | filed on 03/27/08 | dismissed on 12/08/09 |
| Case No. 10-30445 | filed on 06/23/10 | dismissed on 07/31/13 |
| Case No. 10-02653 | filed on 12/01/10 | terminated on 04/25/11 (Adversary) |
| Case No. 14-29842 | filed on 08/04/14 | dismissed on 02/24/15 |
| Case No. 15-25701 | filed on 05/18/15 | dismissed on 04/26/17 |
| Case No. 15-02335 | filed on 07/19/15 | terminated on 03/09/16 (Adversary) |
| Case No. 17-27896 | filed on 08/11/17 | dismissed on 02/08/18 |
| Case No. 18-28209 | filed on 08/26/18 | |

8. On October 16, 2018, Debtor filed a Notice of Motion and Motion for Referral to Mortgage Modification Mediation Program. An Order Directing Mortgage Modification Mediation was entered on November 06, 2018.

9. The Movant offered the Debtor a Trial Modification requiring an initial payment to be made on or before December 31, 2018 and six trial payments beginning January 01, 2019 (and due on the first day of each month thereafter).

10. Debtor failed to make the required Trial Period Plan Payments and the Movant was forced to terminate the modification offer. A letter Denying the Modification was provided to Debtor through the DMM portal on April 01, 2019.

11. Good faith requires that there be a reasonable expectation on the part of the debtor that they can successfully and feasibly reorganize within the time allotted by the Bankruptcy Code, and the debtor must undertake efforts to

carry out that reorganization. Debtors have not demonstrated the requisite good faith in this case or their prior cases.

12. The is no evidence of a change in circumstances sufficient to overcome the debtor's history of filing Bankruptcy petitions successively for the purpose of frustrating movant's pursuit of its state court remedies.

13. The laws of Bankruptcy do not permit re-filing of cases for the purpose of frustrating foreclosures and other lawful actions of creditors, particularly when in prior cases, the Petitions were filed close to the date of sale or when the cases were dismissed either voluntarily or for the debtor's failure to abide with bankruptcy regulations. In Re: Stanfield, 152 B.R. 528 (Bkrtcy, N.D. Illinois E.D.), In Re: Rimgale, 669 F.2d 426 (7th Cir. 1982), In Re: Smith, 848 F.2d. 813 (7th Cir. 1988), In Re: Love, 957 F.2d 1350 (7th Cir. 1992).

14. Debtors have proceeded in bad faith in the filing of this and previous Petitions, and pursuant to the provisions of Section 349 of the Bankruptcy Code, should be barred from the filing of another case for a period of 180 days.

15. Debtor is not entitled to the benefit of the imposition of the automatic stay during the pendency of this case, to the detriment of creditor.

WHEREFORE, Creditor prays as follows:

a. That the Court enter an Order Modifying the Automatic Stay in Rem as to the property located at 5653 West Joleno Lane, Brown Deer, WI 53223 and for such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted:
/s/Michael Holsen
Michael Holsen
Attorney for Movant

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: )
)
    Shirley J Gates ) CASE NO. 18-28209-bhl
    *aka* Shirley Lambert ) CHAPTER 13
    *aka* Shirley J. Gates Living Trust ) JUDGE BRETT H. LUDWIG

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY**, that on  04/18/2019  a copy of the Notice of Motion and Motion for Relief from Stay in the above entitled action was served by Electronic Case Filing to the following persons:

Paul A. Strouse o.b.o. Debtors: strouselawoffices@gmail.com

Scott Lieske, Trustee: ECF@chapter13milwaukee.com

U.S. Trustee: USTPRegion11.mi.ecf@usdoj.gov

**I FUTHER CERTIFY** that on  04/18/2019 , a copy of the Notice of Motion and Motion for Relief from Stay in the above entitled action was served by first-class U.S. Mail, postage prepaid and properly addressed to the following persons:

Shirley J Gates
5653 West Joleno Lane
Milwaukee, WI 53223-1627

                                      /s/ Michael Holsen
                                      Michael Holsen
                                      Attorney for Movant

Prepared By:
Michael Holsen
Marinosci Law Group
134 N LaSalle St., Ste 1900
Chicago, IL 60602
312-940-8580
ILWIBK@mlg-defaultlaw.com